UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERNESTO VIBAR,

                               Plaintiff,

            -vs-                                    13-CV-659JTC

AUDUBON FINANCIAL BUREAU,

                              Defendant.

---

## INTRODUCTION

On June 24, 2013, plaintiff, Ernesto Vibar, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, Audubon Financial Bureau, failed to appear and defend this action, which resulted in the Clerk of the Court entering default on August 19, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 8. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  *See* Fed.R.Civ.P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

## 2.  Liability

As set forth in the complaint, the facts are straightforward.  On approximately April 12, 2013, defendant began sending text messages to plaintiff on his cellular telephone.  The text messages never identified the defendant's business name and failed to inform plaintiff that defendant was a debt collector.  Some of the text messages stated that the "transaction was returned due to insufficient funds."  Item 1, ¶¶ 13-17.  On April 24, 25, and 30, 2013, defendant left multiple voice mail messages on plaintiff's cellular telephone.  Defendant's representative, Ms. Poole, indicated that there was a "case number" in Clark County.  Defendant's representative did not identify herself as debt collector nor did she provide defendant's business name.  *Id.,* ¶¶ 19-25.

Plaintiff alleges a number of violations under provisions of the FDCPA, including

2

sections 1692d, 1692d (6), 1692 e, 1692e(10), and 1692e(11). These provisions of Title 15 prohibit various acts, including engaging in conduct the natural consequence of which is to harass, oppress or abuse the consumer in connection with the collection of a debt, the use of false, deceptive or misleading representations in connection with the collection of a debt, failing to identify the debt collector in messages, and failing to disclose the fact that the defendant is a debt collector. As plaintiff has sufficiently alleged defendant's violations of the FDCPA, liability under the FDCPA is established.

**3. Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1). Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including the failure to identify itself as a debt collector and falsely suggesting that a court case had been filed in Clark County. Under

3

the circumstances, the court awards plaintiff a total of $750 in statutory damages pursuant to 15 U .S.C. § 1692k(a)(2)(A). *See Dayton v. Northeast Fin. Solutions,* 2009 WL 4571819, *2 (W.D.N.Y. December 7, 2009) (court awarded statutory damages of $750 where defendant misrepresented itself as a law firm and made frequent telephone calls threatening both civil litigation and Class B felony criminal charges).

### 4. Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants. *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007). There is a presumption in favor of the hourly rates employed in the district in which the case is litigated. *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he and two other attorneys expended 10.6 hours of time on the case, while a paralegal spent 1.1 hours. Plaintiff's attorneys seek an hourly rate of $285 and $145 per hour for the paralegal. Plaintiff's primary

attorney graduated from law school in 2007 and has been litigating FDCPA cases since that time, while the other two attorneys were employed by the firm in 2010 and 2011. There is no indication that either of them practiced consumer law upon their graduations from law school in 2008.

The court finds the number of hours expended on the case to be reasonable, but the requested hourly rates excessive when compared to the prevailing market rates in this district for FDCPA cases. *See Halecki v. Empire Portfolios, Inc.,* --- F.Supp.2d ----, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff). Accordingly, the court determines that plaintiff's attorney's hourly rate should be reduced to $225 per hour, the rates for the other newer attorneys should be reduced to $175 per hour, and the paralegal rate should be reduced to $75 per hour. Accordingly, the court awards attorney's fees in the amount of $2,022.50 - 1.7 hours at $225 per hour ($382.50), 8.9 hours at $175 per hour ($1557.50) and 1.1 hours at $75 per hour ($82.50). The court finds the request for costs to be reasonable and awards $400.

## CONCLUSION

Plaintiff's motion for default judgment (Item 8) is GRANTED. Plaintiff is awarded $750 for defendant's violations of the FDCPA, $2,022.50 in attorney's fees, and $400 in costs. The Clerk of the Court is directed to close this case.

So Ordered.

\_\_\_\_\_\s\ John T. Curtin\_\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated: October 30 , 2013
p:\pending\2013\13-659.oct21.2013